

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# Sean Dudley v. Charles Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1456

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sean Dudley v. Charles Samuels" (2008). *2008 Decisions*. Paper 850.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/850

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-226                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1456
_____

SEAN LAMONT DUDLEY,
                                          Appellant

v.

CHARLES E. SAMUELS, JR., WARDEN F.C.I. FORT DIX

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-03194)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2008

Before:  MCKEE, RENDELL AND SMITH, CIRCUIT JUDGES

(Opinion filed: July 11, 2008)
_____

OPINION
_____

PER CURIAM

    Sean Lamont Dudley appeals the District Court's order dismissing his petition for

a writ of habeas corpus.  In his petition, Dudley challenged his 1997 conviction for a

drug-related conspiracy charge, which the District Court for the Western District of North

Carolina entered pursuant to a guilty plea. He argued that his plea was constitutionally defective because the facts did not support the existence of an agreement, a necessary element of the offense.[1]

Dudley first raised this argument before the sentencing court in 2004 in a motion for reconsideration under Federal Rule of Civil Procedure 60(b). The sentencing court treated Dudley's Rule 60(b) motion as a second or successive motion under 28 U.S.C. § 2255[2] and denied relief. Dudley appealed, and in February 2007, the Court of Appeals for the Fourth Circuit construed his notice of appeal as a request for authorization to file a second or successive § 2255 motion. It denied the request because Dudley's argument concerning his guilty plea was not based on a new and retroactive rule of constitutional law or any newly discovered evidence. See United States v. Dudley, 218 F.App'x 280, 282 (4th Cir. 2007); see also 28 U.S.C. § 2255(h).

---

[1] Dudley claims the facts do not support the existence of any agreement because he denied that his co-defendants, his relatives, had any role in the relevant events. Dudley entered his guilty plea prior to his relatives' trial, but the hearing on the factual basis for his plea was deferred until after their trial. At the trial, Dudley testified that he pleaded guilty to conspiracy with "an unknown" and provided exculpatory testimony as to his relatives. The sentencing court found Dudley's testimony perjurious, sanctioned him for obstruction of justice, and denied him the benefit he would otherwise have received for accepting responsibility in entering the guilty plea. Dudley unsuccessfully challenged these aspects of his sentence on direct appeal and the Court of Appeals for the Fourth Circuit affirmed. See United States v. Dudley, 165 F.3d 20 (4th Cir. 1998).

[2] Dudley challenged his conviction in the sentencing court on other grounds in a 1999 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. That motion was denied, and the Court of Appeals for the Fourth Circuit dismissed Dudley's appeal. See United States v. Dudley, 46 F.App'x 188, 189 (4th Cir. 2002).

In 2005, Dudley filed a petition pursuant to 28 U.S.C. § 2241 in the District Court for the District of New Jersey. In it, he raised the same argument concerning the factual basis for his guilty plea but claimed entitlement to relief because he was asserting "actual innocence." The District Court rejected this argument, holding that Dudley's claim did not derive from a new and retroactive rule of constitutional law or newly discovered evidence, and that Dudley failed to show that a § 2255 motion would have been "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e),(h). It therefore construed his § 2241 petition as a second or successive § 2255 motion, and because he had not obtained the necessary certification to file such a motion, the District Court dismissed it for lack of jurisdiction. We summarily affirmed the dismissal. See Dudley v. Nash, 200 F.App'x 80 (3d Cir. 2006).

As the District Court found and as Dudley concedes, his current § 2241 petition is substantively identical to his previous one. Once again, Dudley has failed to show that a § 2255 would have been "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). Accordingly, for the reasons provided by the District Court in response to his first § 2241 petition and his current § 2241 petition, Dudley's appeal does not present a substantial question and we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.